IN THE UNITED STATED DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JORGE ALBERTO SALDANA | § | |
| ANZALDUA | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 19-cv-343 |
| | § | |
| MILESTONE CHASSIS COMPANY, | § | |
| LLC AND LUIS E. REYES | § | |
| Defendants. | § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES JUDGE OF SAID COURT:

**NOW COMES PLAINTIFF, JORGE ALBERTO SALDANA ANZALDUA,** complaining of and about **MILESTONE CHASSIS COMPANY, LLC AND LUIS E. REYES,** hereinafter called Defendants, and for cause of action show unto the Court the following:

### 1. PARTIES AND SERVICE

1.1    Plaintiff, Jorge Alberto Saldana Anzaldua, whose address is: Colonia Nuevo Progreso, Calle Porfirio Munoz Ledo #27, Colonia CBtis, Matamoros, Tamaulipas 87399, and brings this action Individually.

1.2    Defendant, Milestone Chassis Company, LLC, is a Foreign Company stationed in Delaware and is organized under the laws of the State of Delaware.  Service of process on the Defendant may be effected pursuant to article 2.11(A) of the Texas Business Organizations Code, by serving the registered agent, Gogency Global Inc., 850 New Burton Road, Suite 201, Dover, Delaware 19904, its registered office.  Service of said Defendant as described above can be effected by certified mail.

1.3     Defendant, Luis E. Reyes, is an Individual who is a resident of Texas, may be served with process at his home at the following address: 4823 Vintage Grove Ct., Katy, Texas 77449.  Service of said Defendant as described above can be effected by personal delivery.

## 2. JURISDICTION AND VENUE

2.1     This court has jurisdiction over the lawsuit under 28 U.S.C. § 1332 (a)(1) because the Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds 75,000.00, excluding interest and costs.

2.2     Venue is proper in this matter pursuant to the terms of Title 28 U.S.C. §1391(b) in that the cause of action arose within the Southern District of Texas.

2.3     Venue is proper in this district under 28 U.S.C. §1402(b) because the acts and omissions complained of occurred in this district.

## 3. FACTUAL BACKGROUND

### The Collision

3.1     This lawsuit concerns a motor vehicle collision that occurred on August 31, 2018. The collision occurred between a 1998 Chevrolet Blazer that was towing a 2005 Chrysler Town & Country and a 2009 Chevrolet HHR which was driven by Plaintiff, Jorge Alberto Saldana Anzaldua and a 2004 Freightliner Conventional tractor trailer which was driven by Luis E. Reyes, under the authority and control of Defendant, Milestone Chassis Company, LLC.

3.2     The vehicular collision occurred on a Friday early morning on US Highway 77. With respect to the area where the collision occurred, US Highway 77 consists of two southbound lanes and two northbound lanes.

3.3     Immediately prior to the time of the collision, Plaintiff, Jorge Alberto Saldana Anzaldua was traveling southbound in the right lanes on US Highway 77, towing a Chrysler Town

& Country and a Chevrolet HHR. At the same time, Luis E. Reyes was traveling in the same direction at said location, behind Mr. Saldana Anzaldua. The incident ensued when the Defendant failed to control his speed, resulting in the collision with Plaintiff's vehicles.

The Injuries

3.4    Jorge Alberto Saldana Anzaldua suffered physical and emotional injuries as a result of this collision. Including, but not limited to, cervical and lumbar sprains/strains and multiple disc bulges and disc herniations to his neck and lower back. Mr. Saldana Anzaldua has undergone extensive physical therapy, daily medication and injections to control the pain caused by the injuries sustained in this vehicular collision. Due to the temporary results obtained through pain management and the results from the discogram, he underwent a microdiscectomy to alleviate the pain to his lower back. In all probability, Mr. Saldana Anzaldua will continue to incur medical expenses in the future to alleviate his pain. Mr. Saldana Anzaldua was healthy prior to this collision.

The Employment Relationship Between the Defendants and<br>The Resulting Vicarious Liability

3.5    At the time of the collision, which is the subject of this cause of action, and at all other relevant times, Luis E. Reyes was an employee of Milestone Chassis Company, LLC, who was acting within the course and scope of his employment. In this regard, Luis E. Reyes was an employee insofar as the master-servant relationship under common law is concerned.

3.6    Alternatively, and at all relevant times herein, Luis E. Reyes was a "statutory employee" under the statutory employee doctrine. In this regard, an interstate motor carrier (such as Milestone Chassis Company, LLC) is required to assume full direction and control of the vehicles that it leases, and the drivers that it hires or dispatches, pursuant to 49 U.S.C.A. §14102(a)

(1997).  As a result, Defendants, Milestone Chassis Company, LLC, had exclusive control of the trailer which Luis E. Reyes was operating, and such carrier is deemed to have assumed complete responsibility for the operation of the commercial motor vehicle at all relevant times, in accordance with 49 C.F.R. §§376.11-.12(2000).  As a result, Milestone Chassis Company, LLC, is vicariously liable in this cause of action as a matter of law under the Federal Motor Carrier Safety Regulations for any and all negligence of Luis E. Reyes.

3.7     Alternatively, Milestone Chassis Company, LLC, is vicariously liable with respect to all negligence of Luis E. Reyes under the traditional common-law doctrines of the master-servant relationship and *respondeat superior*.

### 4. CAUSE OF ACTION AGAINST LUIS E. REYES

#### A.  NEGLIGENCE & *RESPONDEAT SUPERIOR*

4.1     Defendant, Milestone Chassis Company, LLC is the responsible party defendant for the actions of its employee, Luis E. Reyes, acting within the course and scope of his employment.

4.2     Under the doctrine of *respondeat superior*, Defendant, Milestone Chassis Company, LLC, is vicariously liable for the actions of its employee, Luis E. Reyes, while in the course and scope of his employment.  The occurrence made the basis of this suit, referred to above, and the resulting injuries and damages were proximately caused by the negligent acts and/or omissions of Defendant, Milestone Chassis Company, LLC's employee in one or more of the following particulars:

4.2.1   In that Luis E. Reyes failed to keep a proper lookout for Plaintiff's safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

4.2.2    In that Luis E. Reyes failed to drive at a speed that is reasonable and prudent under the circumstances in violation of §545.062 of the Texas Transportation Code;

4.2.3    In that Luis E. Reyes failed to keep a proper lookout in order to avoid colliding with other vehicles, specifically, with Plaintiff's motor vehicle, as done by a person of ordinary prudence under the same or similar circumstances;

4.2.4    In that Luis E. Reyes failed to apply his brakes to his motor vehicle in a timely and prudent manner;

4.2.5    In placing Plaintiff in a position of peril due to Luis E. Reyes's lack of due care and exercise of ordinary prudence of a person of his maturity and capacity § 545.401 of the Texas Transportation Code;

4.2.6    In failing to take evasive action to avoid colliding with Plaintiff's vehicle;

4.2.7    In failing to use the tractor trailer's horn, lights, and/or other equipment to warn Plaintiff of the impending collision;

4.2.8    Operated his vehicle in violation of hours of service regulation, 49 C.F,R, 395.3, and when too tired to do so safely, in violation of 49 C.F.R. 392.3;

4.2.9    Failed to properly record his duty status, in violation of 49 C.F.R. 395.8;

4.2.10    Failed to properly inspect his vehicle prior to operation, in violation of 49 C.F.R. 36.13;

4.2.11    Operated his vehicle in an unsafe condition, in violation of 49 C.F.R 396.7;

4.2.12    Failed to properly report the results of the vehicle inspections, in violation of 49 C.F.R 396.11; and/or

4.2.13    Drove a vehicle he was not qualified to operate because he did not meet the driver qualification standards of 49 C.F.R 391.21 through 49 C.F.R 391.27 and 49 C.F.R391.15.

4.3    Plaintiffs' injuries were proximately caused by Luis E. Reyes', negligent, careless and reckless disregard of said duty.

**B.    NEGLIGENCE PER SE**

4.4     Further, Defendant failed to exercise the mandatory standard of care in violation of

V.T.C.A. Transportation Code, §545.062, §545.351 and §545.060 pursuant to the Negligence Per

Se Doctrine which mandate that:

### §545.062 FOLLOWING DISTANCE

(a) An operator shall, if following another vehicle, maintain an assured clear distance between the two vehicles so that, considering the speed of the vehicles, traffic, and the conditions of the highway, the operator can safely stop without colliding with the preceding vehicle or veering into another vehicle, object, or person on or near the highway.

### §545.351 MAXIMUM SPEED REQUIREMENTS

(a) An operator may not drive at a speed greater than is reasonable and prudent under the

circumstances then existing.

(b) An operator:

(1) may not drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard for actual and potential hazards then existing; and

(2) shall control the speed of the vehicle as necessary to avoid colliding with another person or vehicle that is on or entering the highway in compliance with the law and the duty of each person to use due care.

(c) An operator shall, consistent with Subsections (a) and (b), drive at an appropriate reduced speed if:

(1) the operator is approaching and crossing an intersection or railroad grade crossing;

(2) the operator is approaching and going around a curve;

(3) the operator is approaching a hill crest;

(4) the operator is traveling on a narrow or winding roadway; and

(5) a special hazard exists with regard to traffic, including pedestrians, or weather or highway conditions.

### §545.060 DRIVING ON ROADWAY LANED FOR TRAFFIC

(a) An operator on a roadway divided into two or more clearly marked lanes for traffic:

(1) shall drive as nearly practical entirely within a single lane; and

(2) may not move from the lane unless that movement can be made safely.

4.5     Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence, negligence per se and gross negligence which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiff suffered and which Plaintiff will continue to suffer in the future, if not for the remainder of his natural life.

C.      GROSS NEGLIGENCE

4.6     The above-referenced acts and/or omissions by Defendant's employee constitute gross negligence and/or malice as those terms are defined in §§ 41.001(7) and 41.001(11) of the TEXAS CIVIL PRACTICE & REMEDIES CODE. Luis E. Reyes was heedless and reckless, constituting an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Luis E. Reyes was aware of the risk but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others, including Plaintiff. The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiff.

4.7     Defendant's acts or omissions described above, when viewed from the standpoint of Defendant at the time of the act or omission, involved an extreme degree of risk, considering the probability of harm to Plaintiff and others.

4.8     Defendant had actual, subjective awareness of the risk involved in the above described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff and others.

4.9     The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiff.

## 5. CAUSE OF ACTION AGAINST MILESTONE CHASSIS COMPANY, LLC

### A. *RESPONDEAT SUPERIOR*

5.1     The Defendant, MILESTONE CHASSIS COMPANY, LLC, is liable under the doctrine of *Respondeat Superior* in that Defendant, LUIS E. REYES was operating the vehicle in the course and scope of his employment with Defendant, MILESTONE CHASSIS COMPANY, LLC, at the time of the collision.

5.2     At the time of the occurrence of the act in question and immediately prior thereto, Defendant, LUIS E. REYES, was within the course and scope of his employment with Defendant, MILESTONE CHASSIS COMPANY, LLC

5.3     At the time of the occurrence of the act in question and immediately prior thereto, Defendant, LUIS E. REYES was engaged in the furtherance of Defendant, MILESTONE CHASSIS COMPANY, LLC's business.

5.4     At the time of the occurrence of the act in question and immediately prior thereto, Defendant, LUIS E. REYES was engaged in accomplishing a task for which Defendant, LUIS E. REYES, was employed.

5.5     Plaintiff invokes the doctrine of *Respondeat Superior* against Defendant, MILESTONE CHASSIS COMPANY, LLC.

### B. NEGLIGENCE

5.6     Defendant MILESTONE CHASSIS COMPANY, LLC was also independently negligent in one or more of the following respects:

    a.     negligent hiring of Defendant, LUIS E. REYES;
    b.     negligent entrustment of the vehicle to of Defendant, LUIS E. REYES;

c.    negligent driver qualifications;
d.    negligent training and supervision of Defendant, LUIS E. REYES;
e.    negligent retention of Defendant, LUIS E. REYES
f.    negligent contracting; and
g.    negligent maintenance.

5.7    As described herein, Defendant, MILESTONE CHASSIS COMPANY, LLC, was negligent on the occasion in question and such negligence was the proximate cause of Plaintiff's injuries and damages.

5.7    Each of these acts and/or omissions, whether taken singularly or in any combination constitute negligence, negligence per se, gross negligence and malice which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiff suffered and which she will continue to suffer in the future, if not for the remainder of his natural life, and the damages and other losses to Plaintiff.

## C. Gross Negligence

5.8    The above-referenced acts and/or omissions by Defendant constitute gross negligence and/or malice as those terms are defined in §§ 41.001(7) and 41.001(11) of the Texas CIVIL PRACTICE & REMEDIES CODE. Defendant was heedless and reckless, and their actions constituted an extreme degree of risk, considering the probability and magnitude of the potential harm to others.  Defendant was aware of the risk but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others, including Plaintiff. The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiff.

5.9    Defendant's acts or omissions described above, when viewed from the standpoint of Defendant at the time of the act or omission, involved an extreme degree of risk, considering the probability of harm to Plaintiff and others.

5.10    Defendant had actual, subjective awareness of the risk involved, but still proceeded in the indifference to the rights, safety, or welfare of Plaintiff and others.

5.11    The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiff.

## 6. EXEMPLARY DAMAGES

6.1    Plaintiff's injuries resulted from the Defendants' gross negligence, and therefore Plaintiff is entitled to exemplary damages under section 41.003 (a) of the Texas Civil Practice & Remedies Code.  The above-referenced acts and/or omissions by Defendants also, or alternatively, constitute malice as that term is defined in Section 41.001(7)(B) Texas Civil Practice and Remedies Code.

6.2    Therefore, for such gross negligence and/or malice on behalf of Defendants, Plaintiff respectfully requests exemplary damages in an amount to be determined by a jury of their peers.

## 7. DAMAGES FOR JORGE ALBERTO SALDANA

7.1    As a direct and proximate result of the actions of Defendants as set forth above, Plaintiff, Jorge Alberto Saldana, sustained personal injuries which have resulted in losses and damages recoverable by law.  Plaintiff underwent a lateral arthroscopic medial meniscectomy to allay the pain to her right knee.

7.2    Plaintiff would respectfully request the Court to determine the amount of loss Plaintiff has incurred in the past and will incur in the future, not only from a financial standpoint, but also in terms of good health and freedom from physical and mental pain and suffering.  There are certain elements of damages, provided by law, that Plaintiff is entitled to have the jury in this case separately consider to determine the sum of money for each element that will fairly and

reasonably compensate Plaintiff for the injuries and damages and losses incurred and to be incurred in the future.

7.3    From the date of the incident in question until the time of trial of this case, those elements of damages to be considered separately and individually for the purposes of determining the sum of money that will fairly and reasonably compensate Plaintiff for each element are as follows:

7.3.1    Reasonable medical care and expenses in the past. These expenses were incurred by the Plaintiff, Jorge Alberto Saldana for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Texas;

7.3.2    Physical pain and suffering that the Plaintiff has suffered from the date of the incident in question to the time of trial;

7.3.3    The damages resulting from the physical impairment suffered by Plaintiff and the resulting inability to do those tasks and services that Plaintiff ordinarily would have been able to perform; and

7.3.4    The damages resulting from the physical impairment suffered by Plaintiff and the resulting inability to do those tasks and services that Plaintiff ordinarily would have been able to perform;

7.4    From the time of trial of the case, the elements of damages to be separately and individually considered which Plaintiff will sustain in the future beyond the time of trial are the following:

7.4.1    The reasonable value of medical expenses that will necessarily be incurred in the treatment of Plaintiff's injuries in the future beyond the time of trial;

7.4.2    Physical pain and suffering that the Plaintiff will suffer in the future beyond the time of trial;

7.4.3    The damages resulting from the physical impairment the Plaintiff will continue to suffer in the future and the resulting inability to do those tasks and services that Plaintiff ordinarily would have been able to perform in the future beyond the time of trial;

7.4.4    Los of earning capacity in the past and which will, in all probability be incurred in the future; and

7.4.5    The mental anguish that Plaintiff will suffer in the future beyond the time of trial.

## 8. PRE/POST JUDGMENT INTEREST

8.1    To the extent provided by law, Plaintiff further pleads for pre and post judgment interest, at the highest prevailing judgment rate allowed by law, on any damages awarded by this Court.  Plaintiff pleads that if she is not allowed such pre and post judgment interest, that she would not be fully compensated, and that she would be denied an opportunity to earn interest on the damages Plaintiff sustained between the time of the incident and the time of judgment.

## 9. JURY DEMAND

9.1    Plaintiff requests a trial by jury.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Jorge Alberto Saldana, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant, jointly and severally, for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiffs may be entitled at law or in equity.


Respectfully submitted,


By:  **/s/ Javier Villarreal**
　　　Javier Villarreal
　　　State Bar No. 24028097
　　　Daniel A. Torres

State Bar No. 24046985
Mike Trevino
State Bar No. 24093280
**COUNSEL FOR PLAINTIFF**

**Of Counsel:**
**LAW OFFICES OF JAVIER VILLARREAL, PLLC,**
2401 Wildflower Drive, Suite A
Brownsville, Texas 78520
Tel: (956) 544-4444
Fax: (956) 550-0877